## (September 15, 1972)

■ In the Matter of ADELPHI HOSPITAL, Petitioner, v. NEW YORK STATE LABOR RELATIONS BOARD, Respondent, and LOCAL 1199, DRUG AND HOSPITAL UNION, AFL-CIO, Intervenor-Respondent.— A decision was heretofore rendered by this court [40 A D 2d 632], on September 17, 1971, granting a motion by the intervenor-respondent to punish petitioner for contempt of court, and thereafter, on November 23, 1971, this court made an order upon said motion referring to Special Term, Part II, of the Supreme Court, Kings County, the issues as to the quantum of damages suffered by the intervenor-respondent as a result of petitioner's conduct and as to how petitioner should be permitted to purge itself of the contempt. A report has been rendered by said Special Term, after a hearing, and the intervenor-respondent now moves to confirm the report and for judgment in its favor. Motion granted as indicated herein below. Special Term's report recommended that petitioner be fined $75,897.30, plus interest, as wages and fringe benefits due the intervenor-respondent's employees and $8,400 representing the stipulated reasonable value of legal services and accounting services rendered to the intervenor-respondent as a result of the contempt. We agree. We think, however, that petitioner should be permitted to purge itself of the contempt by paying $7,500 on account of the wage and fringe item of $75,897.30 plus interest, together with $8,400 for the legal and accounting fees, within 10 days after entry of the order to be made hereon, and by paying $7,500 monthly, commencing with the 35th day after entry of said order, until the entire fine shall have been fully paid. Settle final order on five days' notice. Hopkins, Acting P. J., Munder, Martuscello, Latham and Christ, JJ., concur.

## (September 25, 1972)

■ In the Matter of IRVING LASH, an Attorney.— Irving Lash, an attorney and counselor at law, who was admitted as such by this court on March 29, 1961, has submitted to this court his signed letter, dated September 8, 1972, in which he offers to resign as a member of the Bar, together with an accompanying letter of his attorney, of the same date. Mr. Lash's letter discloses that he "recently pled guilty in the County Court of Westchester County to a reduced charge of Grand Larceny as a Class E felony", is "awaiting sentence" and has "ceased practicing law". Mr. Lash's resignation as a member of the Bar is accepted and directed to be filed; and it is directed that his name be struck forthwith from the roll of attorneys and counselors at law entitled to practice law in this State. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.